CORA BENNETT *vs.* GUISEPPI DELEONARDO ET AL.
JANE M. CURTISS *vs.* GUISEPPI DELEONARDO ET AL.
SUSAN A. ROWAN *vs.* GUISEPPI DELEONARDO ET AL.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS and JOHN RUFUS BOOTH, Js.

Argued January 18th—decided March 2d, 1929.

*Nathaniel R. Bronson,* for the appellant (defendant DeLeonardo).

*Raymond E. Baldwin,* with whom, on the brief, was *Samuel A. Herman,* for the appellees (plaintiffs).

HAINES, J.   Although these cases were brought separately, they were referred to and heard together by the State Referee, have been argued and briefed together upon this appeal and will be considered in a single opinion.   The claims resulted from an automobile collision on the Boston Post Road so-called in East Haven June 19th, 1925.   The defendant Lucille E. Shelton was the owner and driver of a Franklin sedan in which these three plaintiffs were riding as her guests, the plaintiff Bennett being seated at her right, the plaintiff Rowan on the back seat behind the driver, and the plaintiff Curtiss on the right of the back seat.   It was practically conceded by each of these plaintiffs upon the trial, that the defendant Shelton was without fault, and judgment was rendered in her favor by the Superior Court. By written request and stipulation the court referred the cases to *Hon. Leonard J. Nickerson,* State Referee, for a finding of facts.   The report of the referee was met by a remonstrance which was overruled, and, upon motion of the plaintiffs, judgments were entered as above stated.   It appears from the finding of the referee that between five and six o'clock in the afternoon of June 19th, 1925, Miss Shelton, with

her guests, was driving easterly on the southerly side of the Post Road toward Madison, at the rate of eighteen to twenty-two miles per hour, while the defendant DeLeonardo was driving his Ford truck westerly on the northerly side of the same highway. There was a line of traffic going in both directions at that time. The road at the point of collision was of concrete about forty feet wide and comparatively straight, with double lines of trolley tracks laid approximately in the center, giving about eleven feet on each side of the rails for automobile traffic. On the south side of the highway were houses, and back from the street was a fruit and vegetable store with a private driveway leading thereto from the street. A hedge on the west of the driveway concealed it so it could not readily be seen by one approaching as was Miss Shelton, and there was nothing to indicate the existence of the driveway to such approaching travelers. As Miss Shelton approached the location of this driveway she was driving within the eleven foot space in which the regular eastbound traffic was proceeding and south of the trolley rails. The defendant DeLeonardo when nearly opposite the end of the driveway, turned to his left from the line of westbound traffic in which he was traveling, with the intention of crossing the trolley rails and the line of eastbound traffic, and entering the driveway. Save as to the speed of Miss Shelton's car, there seems to be little dispute as to the facts to this point. The referee further found that the defendant DeLeonardo, after turning his car, "crossed over both lines of car tracks . . . and drove his truck with great force against the automobile of the defendant Shelton, in which the plaintiff was riding, striking it on the left side about at the left rear door back of the front seat, breaking and crushing the left running board and bending the left rear door inward and upward, causing

the automobile of the defendant Shelton, in which the plaintiff was riding, to tip up on its right side, swerve to the right where it came in contact with a telephone pole on the southerly side about fifty feet distant, where it came to a stop, turned over on its right side with the body off the south edge of the hardened surface of the roadway." The appellant claimed this finding was without evidence to support it. In his brief, however, the appellant's position is that while the finding contains conclusive facts, they were found "without adequate or proper basis of evidence and contrary to the evidence"; that "it is an error in law on the part of the trier to disregard certain evidence that is logically conclusive, and give undue weight to evidence that is entirely unconclusive." The entire evidence, covering one hundred and thirty printed pages, has been made a part of the record for this court, though much of it has no possible relation to the questions at issue upon this appeal. "The motion to correct the finding was not such as to justify bringing before us all the testimony. An entirely unnecessary expense, amounting to a considerable sum, has been placed upon the defendant and the State." *Blake* v. *Waterbury*, 105 Conn. 482, 487, 136 Atl. 95.

A study of the entire record shows ample evidence and logical bases for the conclusion that the defendant DeLeonardo drove his truck across both lines of trolley rails into the path of the eastbound traffic, that it there came into collision with the left side of the Shelton car, striking near the left rear door and producing the results detailed in the finding. That the truck was driven with great force is a wholly logical and well-nigh conclusive inference from the established facts. It is true there was conflicting testimony, but it was the province of the trier to determine where the truth was. The same is true of the finding that the truck came across

"suddenly," to which the appellant takes exception. In the nature of things, considering the situation and the results of the collision, the whole affair must have occurred suddenly, and there is evidence, which the trier evidently believed, to support the conclusion. The next finding to which the appellant objects is the conclusion that the driver of the Shelton car was at all times in the exercise of due care and was not guilty of negligence contributing to the injuries. In this field there was likewise much conflicting evidence, but here, too, an unbiassed study of all the record bearing upon this phase of the case, satisfies us that the conclusion of the trier was legally and logically justified by the established facts. The correlative finding that the proximate cause of the injury was the negligence of the defendant DeLeonardo, is also attacked in the last claim to correct the finding. It should be remembered that in turning from his own line of travel at substantially a right angle across the line of traffic going in the opposite direction, it was incumbent on the defendant DeLeonardo to exercise a very high degree of care; to give proper and seasonable notice to those whose path he was about to cross, and to proceed slowly with his car under such control that it could be stopped if the occasion demanded. It is apparent from the subordinate facts, that no signal of his intention to turn across her path was given to the driver of the Shelton car. She had no reason to know there was a concealed driveway ahead, and no reason to anticipate that any machine would cross her path from the other side of the roadway. She was on that part of the roadway where she belonged under the circumstances, proceeding at a reasonable rate of speed, and watching the roadway in front as it was her duty to do. We cannot concur in the apparent view of the appellant that it was as much her duty to watch the traffic which was

passing her at her left in the other direction, particularly since there was nothing to indicate to her that anyone might attempt to turn across her path. Her obligation was very different from what it would have been if, by horn or otherwise, the defendant De-Leonardo had clearly indicated to the driver of the Shelton car that his purpose was to turn across her ·path. Our conclusion is that, the findings of the referee were justifiable under the rule which requires that each driver shall exercise that care which a reasonably prudent person would have exercised under the same circumstances.

It is unnecessary to consider any question as to the applicability of the provisions of the Public Acts of 1923, Chapter 246, § 1. Nor is it necessary to discuss the further reason of appeal relating to the "claims of law" made before the referee, since that would involve essentially the same considerations which have been under discussion in what we have already said. This case is pre-eminently one of conflicting testimony where the proper exercise of his function by the trier in weighing evidence, is practically conclusive upon the judgment. The determining questions are questions of fact, and we think the conclusions as to liability which were drawn from them, were fairly reached, properly supported and logical.

There is no error.

In this opinion the other judges concurred.