HARRIET FILM *v.* DOWNING & PERKINS, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and INGLIS, Js.

Argued March 2—decided May 24, 1949.

*Jacob Schwolsky,* with whom was *Henry J. Goldberg,* for the appellant (plaintiff).

*Bradley B. Bates,* with whom was *Cyril Coleman,* for the appellees (defendants).

ELLS, J.   This is an action for damages arising from a collision between an automobile driven by the plaintiff and a car owned by the defendant Downing & Perkins, Inc., and operated by its employee, the defendant Dunbar, hereinafter referred to as the defendant.   The plaintiff has appealed from the judgment entered upon a verdict for the defendants, assigning error in the charge.

The plaintiff offered evidence to prove and claimed to have proved the following facts: On June 1, 1947, her car had been parked on the west side of Garden Street in Hartford headed south.   She entered it about 5:30 o'clock in the afternoon for the purpose of driving it into her garage, located on the opposite side of the street.   When she started the automobile she saw the defendant's car.   It was coming north on Garden Street and was several hundred feet away.   The plaintiff drove her car about fifty feet south on Garden Street, gave a hand signal indicating her intention to turn and then turned directly across the street to her driveway at about five miles per hour.   She stopped at the entrance to the driveway to shift into first gear.   At that time the defendant's car was proceeding north on Garden Street at an excessive speed.   It was more than 105 feet away, at an intersection.   The defendant did not reduce his speed and continued to operate his car in a straight direction, without swerving at any time, until it struck the center of the plaintiff's automobile on its right side.   He did not see the plaintiff's car until a moment before the collision.

The defendant claimed that he was proceeding at about twenty-five miles an hour and that when he was about twenty-five feet from the plaintiff she suddenly made a sharp left turn across Garden Street directly in the path of his automobile. He denied the plaintiff's allegations of negligence and affirmatively pleaded that she was guilty of contributory negligence.

The following charge was excepted to under Practice Book § 156 and was assigned as error: "I should add to what I have already said concerning the duty of care in this situation that in turning from her own line of travel at substantially right angles across traffic coming in the opposite direction it was incumbent upon this plaintiff driver to exercise a very high degree of care to give proper and seasonable notice to those whose paths she was about to cross, and to proceed slowly with her car under such control that it could be stopped if occasion demanded." In answer to the plaintiff's exception to the charge the court said: "You will find that language on 109 Conn. 606."

We do not recognize a classification of standards of care into slight, ordinary, and gross, or the like, except in certain definite relationships; *Dickerson* v. *Connecticut Co.*, 98 Conn. 87, 89, 118 A. 518; *Decker* v. *Roberts,* 125 Conn. 150, 157, 3 A. 2d 855; but "due care may in any given case mean great care." *Geoghegan* v. *G. Fox & Co.,* 104 Conn. 129, 134, 132 A. 408. The standard of care remains the same—that which a reasonably prudent person would exercise under the same circumstances—but the amount or degree of care is dependent on the surrounding circumstances, and so it is ordinarily for the jury to say how much care should be used in a given situation. *Heimer* v. *Salisbury,* 108 Conn. 180, 183, 142 A. 749. The trial court charged in accord with these familiar rules in the early part of its charge and in a passage following the instruction

complained of. In the quoted instruction, however, it told the jury in effect that under the circumstances of the case the plaintiff was obligated as matter of law to exercise a very high degree of care. In view of the conflicting claims of proof, this was error. The vice is that the court assumed a state of facts which required that degree of care, whereas it was for the jury to find what facts existed and then to apply the proper standard.

The instruction was taken from the case of *Bennett* v. *DeLeonardo*, 109 Conn. 602, 606, 145 A. 61. Statements in the opinions of this court serve a very different purpose than a charge to the jury. In quoting them in a charge, great care should be used in making sure that they are applicable to the facts of the particular case on trial. *Stedman* v. *O'Neil*, 82 Conn. 199, 203, 72 A. 923. A comparison of the facts in the *Bennett* case with those in the case at bar is a good illustration of the importance of this qualification. In the *Bennett* case, the opinion was discussing a finding of facts made by a state referee; while a similar left turn across traffic was made, the locus was the Boston Post Road and there were lines of traffic going in both directions. We made the statement in that case in a connection quite different from that in which it was made in this case. There we were justifying a finding of negligence already made by the trier on the ground that it might well have found that all of the circumstances called for the exercise of a very high degree of care. Here the court was instructing a jury in advance of their finding of the facts that as a matter of law they should apply to the plaintiff's conduct the test of a very high degree of care.

The instruction was erroneous, and the remaining question is whether it was so harmful as to require a new trial. The defendant claims that, if there was error in charging that the degree of care required of the plaintiff

was a very high degree of care, it was rendered harmless by adequate instructions given before and immediately after the charge complained of. This contention does not reach the real error in the instruction. The crucial issue of fact was whether the plaintiff's car had crossed the highway and come to a standstill in the east gutter at the entrance to her driveway while the defendant's car was still more than 105 feet away, or whether it cut across in front of the defendant's car without warning when the latter was about 25 feet away. The fault in the charge does not lie as much in the use of the words "very high degree of care" as in that the court in effect told the jury that they were as matter of law to apply that test. In the paragraph containing the erroneous statement, the court without qualification referred to the plaintiff as turning at substantially right angles not only "across traffic coming in the opposite direction" but also "in the face of this oncoming traffic." Nothing in the rest of the charge mitigated this assumption by the court of facts as established when they not only were not established but were directly opposed to the plaintiff's claims. The court did not leave it to the jury to determine whether a very high degree of care was required but practically told them that the circumstances in the case required them to find that the plaintiff had to use a very high degree of care.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., and BROWN, J., concurred.

JENNINGS, J. (dissenting). The charge as a whole was clear and complete. The portion held erroneous was preceded by a statement that the care required of the plaintiff was the same as that required of the defendant, which had been defined correctly. It was fol-

lowed by a statement to the effect that the test was reasonable care and that that care should be proportioned to the danger. It seems to me that the jury could not have been misled and that the error was harmless when the whole charge is considered. *State v. Murphy,* 124 Conn. 554, 566, 1 A. 2d 274; *Kerin v. Baccei,* 125 Conn. 335, 337, 5 A. 2d 876; Conn. App. Proc. §§ 49, 51.

In this opinion INGLIS, J., concurred.