[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (108)
Plaintiffs, Rudolph and Esther Luzietti, initiated this action against defendant, United Aluminum Products, for injuries allegedly suffered when the defendant installed foam insulation in CT Page 3559 the plaintiffs' home. In a ten count revised complaint, plaintiffs allege causes of action in negligent manufacturing, count 1; strict liability count 2; common law failure to warn, count 3; absolute liability, count 4; breach of warranty, count 5; gross negligence, count 6; fraud and fraudulent misrepresentation, count 7; section 23 of the Consumer Products Safety Act (15 U.S.C. § 2072), count 8; medical trust fund, count 9 and a violation of Conn. Gen. Stat. 52-562q, count 10. Although plaintiffs' allege a violation of Conn. Gen. Stat. 52-562, the allegations in count 10 relate to the liability of a product seller which may be found at Conn. Gen. Stat. 52-572.
The defendant filed a motion to strike count one and counts three through ten of plaintiffs' complaint and supporting memorandum of law on August 13, 1990.
On September 19, 1990 the plaintiffs filed a memorandum of law in opposition to the defendant's motion to strike. In the memorandum, plaintiffs agree with defendant that counts one, three, four, five and ten should be merged into one cause of action under Conn. Gen. Stat. 52-572n. Therefore, only counts six, seven, eight and nine remain at issue.
Motion to Strike
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2
(1990). A motion to strike admits only well pleaded facts, not the legal conclusions contained therein. Maloney v. Convoy,208 Conn. 392, 394 (1988). "In judging a motion to strike, . . . it is of no moment that the plaintiff may not be able to prove [his] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132 (Super Ct. 1983). "The sole inquiry at this stage of the pleadings is whether the plaintiffs' allegations if proved state a cause of action." Babych v. McRae, 41 Conn. Sup. 280, 282 (1989, Schaller, J.).
Products Liability
A plaintiff "cannot bring a common law cause of action for a claim within the scope of the [products liability] statute." Daily v. New Britain Machine Co., 200 Conn. 562, 571 (1986). "The legislative clearly intended to make our products liability act an executive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471 (1989). CT Page 3560
Defendant asserts in support of its motion to strike that the various common law and statutory claims in counts six, seven, eight and nine are based on the same incident and are all provable under the products liability claim found in count two of plaintiffs' complaint. Defendant further contends that the product liability statute, Conn. Gen. Stat. 52-572n, provides the exclusive remedy for claims falling within its scope. Plaintiff contends in opposition to the motion, that the claims in counts six, seven, eight and nine represent additional causes of action which are not equivalent to a products liability claim under Conn. Gen. Stat. 52-572n.
The Connecticut Products Liability Act provides in relevant part that "[a] product liability claim as provided in sections 52-240a,52-240b, 52-572m to 52-572r, inclusive, and 52-572a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." Conn. Gen. Stat. 52-572n.
The act defines a "product seller" as "[a]ny person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business or selling such products whether the sale is for resale of for use or consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment or products." Conn. Gen. Stat. 52-272m(a).
The act defines "products liability claims" to include
 "claims or actions brought for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent."
Conn. Gen. Stat. 52-572m(b).
Plaintiffs allege in the second paragraph of their revised complaint that the defendant is a "product seller," within the meaning of the act, as the defendant is in the business of CT Page 3561 manufacturing and producing foam insulation.
Count Six
Plaintiffs' revised complaint alleges gross negligence in the installation of foam insulation. "Gross negligence has never been recognized in [Connecticut] as a separate basis of liability in the law of torts." Decker v. Roberts, 125 Conn. 150, 157
(1939). "We do not recognize a classification of standards of care into slight, ordinary, and gross or the like . . . Film v. Downing Perkins, Inc., 135 Conn. 524, 526 (1949). Since case law has established that gross negligence is equivalent to negligence, the motion to strike count six of the plaintiffs' complaint is granted because Conn. Gen. Stat. 52-572n
specifically includes negligence as a product liability claim.
Count Seven
Plaintiffs' revised complaint alleges fraud and fraudulent misrepresentation as the defendant made false representations to the plaintiffs that foam insulation is a safe product and should be installed in their home. Conn. Gen. Stat. 52-572m(b) identifies misrepresentation as a product liability claim when the claim seeks to recover for personal injury caused by the installation . . . of any product.
The motion to strike count seven of plaintiffs' complaint is granted because Conn. Gen. Stat. 52-572m(b) includes misrepresentation as a product liability claim.
Count Eight
Count eight of plaintiffs' revised complaint is brought pursuant to section 23 of the Federal Consumer Products Safety Act, 15 U.S.C. § 2072. This statute provides in relevant part:
 "(a) Persons injured: costs: amount in controversy Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found or has an agent, shall recover damages sustained, and may, if the court determines it to be in the interest of justice, recover the costs of suit, including reasonable attorneys' fees CT Page 3562 (determined in accordance with section 11(f) [15 USCS 2060(f)]) and reasonable expert witnesses; fees; Provided, That the matter in controversy exceeds the sum of value of $10,000, exclusive of interest and costs, unless such action is brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity."
15 U.S.C. § 2072 (a).
 "(c) Remedies available. The remedies provided for in this section shall be in addition to and not in lieu of any other remedies provided by common law or under Federal or State law."
15 U.S.C. § 2072 (c).
"The statutory language in section 2072 providing that an injured party may sue in any federal district court for a violation of the CPSA, does not appear to be a grant of exclusive federal jurisdiction over CPSA claims." Swenson v. Emerson Electric Co., 374 N.W.2d 690, 697 (Minn. 1985). "Any intent by Congress to require all of these actions to be brought in federal courts would have to be explicit." Id. "State and federal courts possess concurrent jurisdiction over private causes of action under the CPSA." Id.
"The cause of action created by section 2072 of the Consumer Product Safety Act is essentially one sounding in tort, an area of the law traditionally the province of the states." Wahba v. H N Prescription Center, Inc., 539 F. Sup. 352, 357 (1982).
"When Congress has entered this field it has generally enacted legislation dependent upon state law for gapfilling." Id. The plain language of 15 U.S.C. § 2072(c) indicates that the remedies provided for in that section are in addition to those provided for under State law.
The motion to strike count eight of plaintiffs' complaint is denied because a cause of action based on the Consumer Product Safety Act is in addition to any cause of action based on a state products liability claim.
Count Nine
Count nine of the revised complaint is entitled Medical Trust Fund and incorporates all of the causes of action alleged in CT Page 3563 counts one through seven.
The motion to strike this count is granted because the causes of action alleged in counts one through seven should be brought as a products liability claim pursuant to Conn. Gen. Stat.52-572n.
For the foregoing reasons, counts six, seven, and nine of plaintiffs' revised complaint are stricken on the ground that the causes of action alleged in those counts should be brought as a products liability claim pursuant to Conn. Gen. Stat. 52-572n.
The motion to strike count eight of plaintiffs' complaint is denied on the ground that the count is brought pursuant to the Consumer Products Safety Act which provides additional remedies in products liability cases.
DONALD T. DORSEY, Judge