[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#118)
On September 10, 1990, the plaintiff, Sandra Lee Olson, instituted this action against the defendants, Patricia A. Tompkins and Lynne Ann, Inc. as permittee and backer of Sporty's Cafe, as a result of an alleged assault on the plaintiff by a third party patron Janice Birch. In a twelve count "first revised amended complaint," the plaintiff alleges causes of action for violation of the Dram Shop Act, Conn. Gen. Stat.30-102, counts one and two; negligence, counts three and four; gross negligence, counts five and six; reckless willful and wanton misconduct, counts seven and eight; gross negligence in the service of alcohol to Birch, counts nine and ten; reckless, willful and wanton behavior in the service of alcohol to Birch, counts eleven and twelve.
On June 6, 1991, the defendants filed a motion to strike counts three through ten of the plaintiff's complaint and a supporting memorandum of law. On July 29, 1991, the plaintiff filed a memorandum of law in opposition.
A motion to strike challenges the legal sufficiency of the allegations in a complaint. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill,214 Conn. 1, 2 (1990). "For the purposes of ruling on a motion to strike, the facts alleged in a complaint, though not the legal conclusions it may contain are deemed admitted." Maloney v. Convoy, 208 Conn. 392, 394 (1988).
The Dram Shop Act, Conn. Gen. Stat. 30-102, provides in pertinent part that "[i]f any person, by himself or his agent sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured. . . ." The Dram Shop Act establishes a cause of action that did not exist at common law. American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 190 (1987).
The defendants first move to strike counts three and four of the plaintiff's complaint on the grounds that Connecticut does not recognize a cause of action for the negligent service of alcohol.
In counts three and four the plaintiff alleges, inter alia, that the defendants were negligent in that they failed to provide adequate CT Page 7139 security, failed to supervise and monitor the premises to determine whether adequate security existed, failed to warn the plaintiff of the presence of persons with dangerous propensities, failed to assess the violent propensities of Janice Birch, failed to monitor and supervise Janice Birch, failed to warn the plaintiff of the violent propensities of Janice Birch and failed to restrain Janice Birch from injuring the plaintiff. The plaintiff also alleges that the defendants served alcohol to an intoxicated Janice Birch and that Birch caused the plaintiff's injuries.
"At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reasons that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury." Quinnett v. Newman, 213 Conn. 343,345-46 (1990).
The defendants, in support of the motion to strike, rely on Stebbins v. Staschke, 3 CSCR 421 (March 21, 1988, Reynolds, J.) for the proposition that the plaintiff's allegations of the negligent supervision of an intoxicated person, or inadequate security with respect to an intoxicated person, are simply another attempt to circumvent the rule that there is no cause of action for the negligent service of alcohol.
In Nolan v. Morelli, 154 Conn. 432, 440-41 (1967) the court stated in dicta that a patron of an establishment who sustained an injury as a consequence of the negligent supervision of the proprietor of the establishment may have a common-law cause of action against the proprietor. Moreover, in Kozanski v. The Tobacco Shed, et al.,5 CSCR 47 (November 14, 1989, Hennessey, J.) the court recognized that a cause of action based on the negligent supervision of patrons is distinct from furnishing intoxicating liquors and is therefore not precluded by the rule that there is no cause of action in negligence against one who furnishes intoxicating liquor to a person. See also, DiBiaso v. Rusty Scupper Rest., et al., 4 CSCR 355 (March 29, 1989, Clark, J.).
Based upon the foregoing, the plaintiff has alleged facts sufficient to support a claim for negligent supervision and the defendants motion to strike counts three and four of the plaintiff's complaint is denied.
The defendants next move to strike counts five and six of the plaintiff's complaint on the grounds that Connecticut does not recognize gross negligence as a separate cause of action.
"Gross negligence has never been recognized in [Connecticut] as a CT Page 7140 separate basis of liability in the law of torts, "Decker v. Roberts,125 Conn. 150, 157 (1939). "We do not recognize a classification of standards of care into slight, ordinary, and gross or the like. . . ." Film v. Downing Perkins, Inc., 135 Conn. 524, 526 (1949). Accordingly, the defendants' motion to strike counts five and six of the plaintiff's complaint is granted.
The defendants also move to strike counts seven and eight of the plaintiff's complaint on the grounds that the facts alleged by the plaintiff are legally insufficient to constitute a basis for willful, wanton or reckless misconduct.
As previously stated, at common law, no action in negligence existed against one who furnished intoxicating liquor to a person who voluntarily became intoxicated and injured the person or property either of himself or another. Quinett, 213 Conn. at 345-46. In Kowal v. Hofher, 181 Conn. 355, 362 (1980), the court created an exception to this rule, however, by stating that where the vendor or social host has acted recklessly, willfully, or wantonly, policy considerations warranted imposing liability.
"Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Dubay v. Irish,207 Conn. 518, 532 (1988). (citations omitted). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank 
Trust Co., 4 Conn. App. 39, 46 (1985). "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action." Kowal, 181 Conn. at 362.
The plaintiff's allegations, in counts seven and eight of willful, wanton and reckless misconduct are identical to the allegations in counts three and four upon which she relies as the basis for her claim of negligent supervision. Accordingly, the defendants' motion to strike counts seven and eight of the plaintiff's complaint is granted.
Finally, the defendants move to strike counts nine and ten of the plaintiff's complaint on the grounds that Connecticut does not recognize a cause of action for gross negligence in the service of alcohol.
Since Connecticut does not recognize a distinction between gross negligence and negligence, Decker, 125 Conn. at 157 and also does not recognize a cause of action for the negligent service of alcohol, Quinett, 213 Conn. at 345-46, the defendant's motion to strike counts nine and ten of the plaintiff's complaint is granted.
For the foregoing reasons, the motion to strike is granted as CT Page 7141 to counts five, six, seven, eight, nine and ten and denied as to counts three and four of the complaint.
PICKETT, J.