[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant, The Palm's Inc., moves to strike both the fifth and sixth counts of the plaintiff's fourth amended complaint on the ground that Connecticut does not recognize a claim for gross negligence against a liquor seller. The defendants have filed no papers in opposition. Since the sixth count is directed at the defendant, Harry Houser, Permittee and not the Palms, the court does not decide the Palm's motion to strike as to the sixth count. Hofmiller v. Joseph, 18 Conn. 1
Supp. 143, 144, (Superior Court 1952).
The fifth count alleges that the Palms was "grossly negligent in that they served alcoholic liquor to an intoxicated person . . . ." (Plaintiff's Fourth Amended Complaint, Fifth Count, 6.). "At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Quinnett v. Newman, 213 Conn. 343,345, 568 A.2d 786 (1990). Connecticut does not differentiate between degrees of negligence in tort law. Olson v. Tompkins,4 Conn. L. Rptr. 786, 787 (August 28, 1991, Pickett, J.), citing Film v. Downing Perkins, Inc., 135 Conn. 524, 526,66 A.2d 613 (1949). Thus, "`[g]ross negligence has never been recognized in Connecticut as a separate basis of liability in the law of torts.'" Id., quoting Decker v. Roberts, 125 Conn. 150,157, 3 A.2d 855 (1939). Since Connecticut does not recognize a cause of action based upon negligence in the CT Page 1673 serving of alcohol and also does not differentiate between negligence and gross negligence, the defendant's motion to strike is granted as to the fifth count.
LEHENY, JUDGE