[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding alleges that the plaintiff Dufficy filed a four count complaint seeking damages for injuries sustained while a passenger in a car operated by the defendant Mohring who was under the influence of alcohol. The first count which sounds in negligence is directed against Mohring and alleges that the plaintiff was a front seat passenger in a vehicle owned by the defendant Burgess (a/k/a Tomaselli) when the defendant operator lost control of the vehicle, resulting in the car rolling over a number of times before finally coming to rest off the traveled portion of Route 7 in Danbury, Connecticut. The second count is directed against Thomas J. Quinn and Jane Gaffney as "Backer" and "Permittee", CT Page 10573 respectively, of Smee's Incorporated d/b/a The Ancient Mariner Cafe (hereinafter "The Ancient Mariner's"). It claims damages pursuant to Sec. 30-102 of the General Statutes. The third count is directed against the same parties as that of the second count, but asserts, inter alia, that The Ancient Mariner's (acting through its agents and servants) served alcoholic beverages to an already intoxicated Mohring. Dufficy postulates that that action constitutes gross negligence. The fourth count is also directed at the same parties as the second and third counts, but claims wanton and reckless misconduct. The defendants have filed a motion to strike the third count of the complaint asserting that there is no common law cause of action for gross negligence against a liquor seller in Connecticut.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc, 39 Conn. Sup. 129,131. The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108.
In Kowal v. Hofher, 181 Conn. 355, the plaintiff administrator filed an action in three counts to recover damages for the death of the plaintiff's decedent. The first count alleged liability under Sec. 30-102. The second count alleged common law negligence. The third count alleged both gross negligence and wanton and reckless conduct. The defendants in Kowal moved to strike the second and third counts on the grounds that the Dram Shop Act provided the exclusive remedy for the plaintiff, so that no common law cause of action would lie. The court upheld the trial court's order sustaining the motion to strike the second count not on the exclusivity of the Dram Shop Act, but rather on the absence of a common law cause of action. However, the court did find error with respect to striking the third count, and the case was remanded. It must be noted, however, that the court acknowledged that the plaintiff alleged gross negligence in the third count, but confined its ruling to the allegations of wanton and reckless misconduct. Kowal v. CT Page 10574 Hofher, supra, 359, n. 3. The majority opinion in Kowal is silent regarding whether gross negligence may be plead in addition to pleading a violation of the Dram Shop Act.[1]
In Quinnett v. Newman, 213 Conn. 343, the court addressed a claim similar to that in Kowal. The issue therein was whether or not a common law cause of action in negligence or public nuisance exists against a commercial vendor who sells intoxicating liquor to an adult who thereafter, by reason of his intoxication, injures another. The majority in Quinnett found no error in the trial court's direction of a verdict in favor of the defendants as to the negligence and public nuisance counts. Again, however, the majority did not address (nor was it required to based on the facts of Quinnett) the issue of whether a common law cause of action sounding in gross negligence can co-exist with an alleged violation of the Dram Shop Act. The dissent in Quinnett came closest to addressing the issue, albeit under the context of negligence in general. Chief Justice Peters rather succinctly expressed the premise in that dissent:
 I believe that the time has come for this court to recognize a common law cause of action, sounding in negligence, for the sale of intoxicating beverages to someone who, because of his intoxication, thereafter injures an innocent bystander on our public highways.
 The existing state of the law does not, in my view, prevent us from joining the vast majority of state and federal courts that, since 1971, have rejected or modified judicial rules that provide immunity from damages for those who furnish alcoholic beverages in circumstances that proximately cause injury to innocent third parties. [Citations omitted.] Neither our case law nor our statutory statutory law, fairly read, compels the result that the majority opinion reaches today.
Quinnett v. Newman, supra, 350-51.
Trial courts in Connecticut have directly addressed the issue. In Jameson v. Royal Equities, Superior Court, Judicial District of Waterbury, No. 059526 (July 16, 1982, Berdon, J.), the court denied the defendant tavern owner's motion to strike CT Page 10575 the first count of the complaint,[2] where the court held that the facts alleged could constitute gross negligence. In examining what degree of conduct on the part of the alcohol server would rise to the level of being a substantial factor in causing injuries to another, that court wrote:
 The conduct need not be intentional but it must be something more than mere negligence. Certainly, gross negligence would also satisfy the Kowal doctrine, although the Supreme Court did not specifically rule on this issue. Kowal, 181 Conn. at 359, n. 3. Gross negligence is something beyond ordinary negligence but short of wanton and reckless misconduct. `The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it something less than the wilful, wanton and reckless conduct.' [Citations omitted.]
 In determining whether a jury could reasonably find that such conduct on the part of the defendant's employee reached the level of gross negligence, the court cannot be blind to the world in which we live. . . . The court must take judicial notice of the vast number of highway fatalities which are caused by drunken drivers. It has become a problem of national importance. Under these circumstances, a jury could reasonably conclude that the defendant was more than merely negligent on a complaint that alleges the service of alcoholic beverages to an intoxicated person who the server knew or should have known would shortly thereafter operate a motor vehicle.
See also Futterleib v. Mr. Happy's, Inc., 16 Conn. App. 497,548 A.2d 728 (1988) (in addition to an alleged violation of Sec. 30-102, evidence of gross negligence and wanton and reckless conduct on the part of the defendant bar in dispensing alcoholic beverages to an intoxicated person is allowed to go to the jury); Sumara v. Loyal Order of Moose, Superior Court, Judicial District of Tolland, at Rockville, CT Page 10576 No. 91 49012 (January 15, 1993, McWeeny, J.) (second count of complaint alleging gross negligence is viable, citing Jameson v. Royal Equity, supra); Ryea v. Connell, 2 CSCR 1020
(September 9, 1987, McDonald, J.) (since gross negligence is well defined under case law and the penal code and gives rise to criminal liability under Sec. 53a-58; therefore, a barkeeper, like any other seller of drugs, should be held liable beyond the limitations of the Dram Shop Act); but see Olson v. Tompkins, 6 CSCR 850 (August 28, 1991, Pickett, J.) (Connecticut does not recognize a cause of action for the negligent service of alcohol, citing Quinnett v. Newman, supra; therefore, motion to strike was granted against those counts of the complaint sounding in gross negligence). In the present action, the defendants, in their supporting memorandum, argue that no common law cause of action exists in gross negligence.
Conversely, the plaintiff, in his opposition memorandum, argues that our Supreme Court has not held that a cause of action in gross negligence is legally insufficient in conjunction with a Dram Shop action. Therefore, argues the plaintiff, the strong public policy considerations surrounding the eradication of drunk driving, combined with lower court decisions which have allowed a cause of action in gross negligence, suggest that the instant motion to strike should be denied. In considering the heightened awareness of the social conscience with regards to the massive effort to rid society of drunken drivers, the court finds itself persuaded that the plaintiff offers the better reasoned view.
Count three of the complaint alleges, inter alia, that:
 The collision and resulting injuries to the plaintiff were due to the gross negligence of the Defendants . . . in that they knew or should have known that:
 a. an employee or agent of the Defendants . . . served one or more alcoholic beverages to the Defendant, Raymond Mohring, despite the fact that the Defendant . . . was already intoxicated;
 b. the Defendant . . . would consume the alcoholic beverages while intoxicated;
CT Page 10577
 c. the Defendant . . . would thereafter operate a motor vehicle . . .; and
 d. the operation of a motor vehicle by the Defendant . . . while intoxicated would constitute an unreasonable risk of injury to other persons.
As in Jameson v. Royal Equities, supra, a jury could reasonably conclude that the defendants' conduct in the present action was more than mere negligence where the instant complaint alleges the service of alcoholic beverages to an intoxicated person who the server knew or should have known would operate a motor vehicle.
This court cannot conclude without a strong endorsement of a vehement dissent by Justice Hull in Quinnett v. Newman, supra, who, quoting Victor Hugo, stated: "`Greater than the tread of mighty armies is an idea whose time has come.'"
 Judges, like it or not, are part of society. As such, we cannot be blind to changing social mores. A national wave of revulsion has arisen against the frightful tragedies caused by drunken drivers. I take judicial notice of the efforts of MADD, SADD and RID, as well as certain determined Connecticut legislators, to curb such atrocities.
 The continued existence of the present law is a blot on the social conscience and will, sooner or later, be corrected . . . Why not now?
Quinnett v. Newman, supra, 354.
The defendants' motion to strike count three of the complaint is, accordingly, denied.