[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
On September 20, 1995, the plaintiff, Sadik F. Hussein, filed an eleven count amended complaint against the defendants, Five Forty Associates, L.P., 540 Corp., and John F. Strobel[1]. In counts five through eleven, the plaintiff alleges violation of, General Statutes § 30-102 (Dram Shop Act), negligence, gross negligence, wanton and reckless misconduct, and three counts of public nuisance against the defendants. The facts as alleged in the complaint are as follows. On November 9, 1994, Kinney, while intoxicated, was sold alcoholic beverages at "Club 540." The defendant, Five Forty Associates, L.P, does business as Club 540, 540 Corp. is the general partner of Five Forty Associates, and Strobel is the permittee of Club 540. After leaving Club 540, while operating a motor vehicle, Kinney struck the plaintiff's vehicle, causing the plaintiff to sustain injuries.
On September 28, 1995, the defendants filed a motion to strike counts six through eleven of the plaintiff's amended complaint on the ground of legal insufficiency. The plaintiff filed a memorandum of law in opposition on October 3, 1995. CT Page 926
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id.
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. at 215.
The defendants argue that their motion to strike counts six, nine, ten and eleven should be granted because Connecticut does not recognize common law causes of action in negligence or nuisance against a server of alcohol. The plaintiff contends that this court should recognize such actions because the Supreme Court cases which determined that no such causes of action existed were incorrectly decided.
The Supreme Court determined in Quinnett v. Newman, 213 Conn. 343,345-46, 568 A.2d 786 (1990) that "[a]t common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose, voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury." (Internal quotation marks omitted.) Furthermore, in regard to nuisance, the court stated that "[i]n the present context, the inherently dangerous condition claimed to constitute a nuisance is the intoxicated adult operator of a motor vehicle. The proximate cause of the adult motorist's intoxicated condition, however, lies in his own immoderate use of the alcohol and not in its service to him by the defendant sellers. . . . Since the alleged act of the purveyors cannot be the proximate cause of the injuries and damages that thereafter CT Page 927 followed, the nuisance claim is fatally flawed . . . ." (citation omitted.) Id. at 349. The defendant argues that this court should not follow this decision, however "there is no question but that [a] decision of . . . [the Supreme C]ourt is a controlling precedent until overruled or qualified." (Internal quotation marks omitted.) White v. Burns, 213 Conn. 307, 335, 567 A.2d 1195
(1990). Therefore, the defendants' motion to strike counts six, nine, ten and eleven is granted.
The defendants have also moved to strike count seven on the ground that Connecticut does not recognize a cause of action in gross negligence.
A few decisions in Connecticut have recognized a cause of action in gross negligence against a server of alcohol. SeeDufficy v. Mohring, Superior Court, judicial district of Danbury, Docket No. 311091 (December 7, 1993, Moraghan, J., 9 CSCR 29); Ryeav. Connell, Superior Court, judicial district of Waterbury, Docket No. 78609 (September 9, 1987, McDonald, J., 2 CSCR 1020), citing,Jameson v. Royal Equities, Superior Court, judicial district of Waterbury, Docket No. 059526 (July 16, 1982, Berdon, J.). Nevertheless, the majority of Superior Court decisions have held that there is no cause of action in gross negligence against a server of alcohol because Connecticut does not recognize different gradations of negligence. See Gumkowski v. U.S.S. Chowderpot IIILtd., Superior Court, judicial district of New Haven at New Haven, Docket No. 361840 (September 19, 1995, Hartmere, J., 1 Conn. Ops. 1142);Bioski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. 115265 (March 21, 1995, Flynn, J.,14 Conn. L. Rptr. 346); Baker v. Palm's Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292760 (February 11, 1993, Leheny, J., 8 Conn. L. Rptr. 332);, Olson v. Tompkins, Superior Court, judicial district of Litchfield, Docket No. 054161 (August 28, 1991, Pickett, J., 6 CSCR 850). Therefore, the defendants' motion to strike count seven is granted.
The defendants further contend that count eight of the plaintiff's complaint is legally insufficient in that the plaintiff has not sufficiently alleged facts showing recklessness, and relies on the identical allegations supporting the plaintiff's counts in negligence.
The Supreme Court recognized a cause of action in wanton and reckless misconduct against a vendor of alcohol in Kowal v. Hofher,181 Conn. 355, 360-61, 436 A.2d 1 (1980). The court stated that CT Page 928 "[w]anton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Willful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." (Internal quotation marks omitted.) Id.
at 362.
The plaintiff has alleged that the defendants sold Kinney alcoholic beverages after she became "heavily and visibly intoxicated," that the defendants sold Kinney alcoholic beverages until her blood alcohol level was more than double the legal limit, and that the defendants did this when they knew or should have known that Kinney would operate a motor vehicle. These allegations are sufficient to support a cause of action in wanton and reckless misconduct in the service of alcohol. Accordingly, the defendants motion to strike count eight of the plaintiff's complaint is denied.
RICHARD J. TOBIN, JUDGE