[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#109)
On June 7, 1994, the plaintiff, Lisa Fortuna, filed a thirteen count amended complaint (#102) against the defendants, Connecticut, Light and Power Company, Western Massachusetts Electric Company, Northeast Utilities, Northeast Utilities Service Company, Connecticut Municipal Electric Energy Cooperative, Northeast Nuclear Energy Company, Nuclear Support Services, Inc., and George M. Cohan, as administrator of the estate of Michael LeTourneau, for injuries sustained as a result of an accident with LeTourneau, who had been driving under the influence of alcohol after leaving a party given on premises allegedly under the possession and control of the Utility defendants.[1]
Counts one and two of the amended complaint allege that the Utility defendants were negligent in that they provided alcoholic beverages to LeTourneau in an amount sufficient to render him unfit to operate a motor vehicle. In addition, counts one and two allege that the Utility defendants were negligent in violating certain CT Page 1323-Y ordinances, statutes and regulations which resulted in plaintiff's injuries. Counts three, four, five and six allege that the plaintiff's injuries were the result of a public nuisance created by the Utility defendants. Counts seven and eight allege that the Utility defendants were grossly negligent in providing alcoholic beverages to LeTourneau. Counts nine and ten allege that the Utility defendants were reckless in providing alcoholic beverages to LeTourneau. Counts eleven and twelve allege that the conduct of the Utility defendants constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq. Count thirteen alleges negligence against LeTourneau.
On March 31, 1995, the Utility defendants filed a motion to strike counts one through eight, and eleven and twelve on the ground that they fail to state a claim upon which relief may be granted. In accordance with Practice Book § 155, the plaintiff filed a memorandum in support of its motion to strike, and the defendants timely filed a memorandum in opposition.
"A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff. Mozzochiv. Beck, 204 Conn. 490, 491, 529 A.2d 171 (1987). This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992).
The Utility defendants argue that counts one and two should be stricken because Connecticut does not recognize a common law action for negligent service of alcohol to an adult. "We have held in a number of cases that there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. [Slicer v. Quigley, 180 Conn. 252,255, 429 A.2d 855 (1980);] Nelson v. Steffens, 170 Conn. 356,361, 365 A.2d 1174 (1976); Moore v. Bunk, 154 Conn. 644, 649, 228, A.2d 510 (1967); Nolan v. Morelli, 154 Conn. 432, 436, 226 A.2d 383
(1967). . . . The reason underlying the rule is that the proximate CT Page 1323-Z cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." Kowalv. Hofher, 181 Conn. 355, 357-58, 436 A.2d 1 (1980). Thus, "[w]hile such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury. . . ."[2] (Citations omitted; internal quotation marks omitted.) Quinnett v. Newman, 213 Conn. 343, 345-46, 568 A.2d 786
(1990).
The plaintiff does not dispute that there is no cognizable action for negligent furnishing of alcohol to an adult in Connecticut. Rather, the plaintiff argues that it is time for Connecticut to join the numerous jurisdictions which have abrogated this common law rule of nonliability. See, e.g., Ling v. Jan'sLiquors, 237 Kan. 629, 703 P.2d 731 (1985), and cases and statutes cited therein. Despite the logical infirmities in the rule; seeQuinnett v. Newman, supra, 213 Conn. 351-52 (Peters, C.J., dissenting); it is currently the law of the State of Connecticut. See State v. Wassil, 233 Conn. 174, 183-84 n. 7, 658 A.2d 548 (1995) (acknowledging the continued validity of the general rule discussed in Slicer v. Quigley, supra, 180 Conn. 255-56). Under the doctrine of stare decisis, "[t]here is no question . . . that [a] decision of [the Connecticut Supreme Court] is a controlling precedent until overruled or qualified." White v. Burns, 213 Conn. 307, 335,567 A.2d 1195 (1990). Because the rule discussed in Slicer v. Quigley,
supra, has not been overruled to the extent that it applies to the negligence claims alleged in the present case, it continues to control this court's decision. Accordingly, the Utility defendants' motion to strike counts one and two is granted. But, see Henderson v. Dolan, Superior Court, judicial district of New Haven, Docket No. 361450 (February 21, 1995, Hodgson, J.,13 CLR 504) (holding that because the issue of proximate cause is a matter of fact, not law, the supreme court would not continue to recognize a limitation on negligence actions against providers of alcohol).
The Utility defendants argue that counts three, four, five and six should also be stricken because Connecticut does not recognize a public nuisance action against a supplier of alcohol to an adult operator of a motor vehicle who subsequently injures another. "In order to establish a cause of action in nuisance, the plaintiff must prove that [an] inherently dangerous condition . . . was the CT Page 1323-AA proximate cause of the plaintiff's injuries and damages. . . . In the present context, the inherently dangerous condition claimed to constitute a nuisance is the intoxicated adult operator of [a] motor vehicle." (Citation omitted.) Quinnett v. Newman, supra,213 Conn. 349. Once again, however, "[t]he proximate cause of the adult motorist's intoxicated condition . . . lies in his own immoderate use of the alcohol and not in its service to him by the defendant[s] . . . ." Id. Thus, "[s]ince the alleged act[s] of the [Utility defendants] cannot be the proximate cause of the injuries and damages that thereafter followed, the nuisance claim is fatally flawed . . . ."[3] Id.; see also Karp v. American LegionDept. of Conn., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462879 (October 25, 1995, Arena, J.). Accordingly, the Utility defendants' motion to strike counts three, four, five and six is granted.
The Utility defendants have also moved to strike counts seven and eight on the ground that Connecticut does not recognize a cause of action for gross negligence in the service of alcohol to adults. The supreme court has held that "[w]hile the term gross negligence appears in certain criminal statutes and proceedings, . . . gross negligence has never been recognized in this state as a separate basis of liability in the law of torts." Decker v. Roberts,125 Conn. 150, 157, 3 A.2d 855 (1939); see also Film v. Downing Perkins, Inc., 135 Conn. 524, 526, 66 A.2d 613 (1949) ("We do not recognize a classification of standards of care into slight, ordinary, and gross or the like . . . ."). Thus, "conduct amounting to gross negligence would be subject to the same limitations of proximate cause which have prevented the supreme court from recognizing a cause of action for the negligent furnishing of alcohol [to an adult]." Bioski v. Castelano,
Superior Court, judicial district of Waterbury, Docket No. 115265 (March 21, 1995, Flynn, J., 14 CLR 346); accord Baker v. Palm's,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292760 (February 11, 1993, Leheny, J., 8 CLR 332); Olsonv. Tompkins, Superior Court, judicial district of Litchfield, Docket No. 54161 (August 28, 1991, Pickett, J., 6 CSCR 850). Accordingly, the Utility defendants' motion to strike counts seven and eight is granted.
In counts eleven and twelve, the plaintiff alleges that the conduct of the Utility defendants constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a, et seq. Specifically, the plaintiff argues that the party given by the Utility defendants was in furtherance of their trade CT Page 1323-BB or commerce in that it was intended to improve business relationships between them, their employees, licensees and contractors. In addition, the plaintiff contends that the providing of excessive amounts of alcohol and the failure to prevent the threat of injury by intoxicated individuals, such as LeTourneau, constituted unfair or deceptive acts or practices in the conduct of such trade or commerce.
The Supreme Court has stated that:
 CUTPA, by its own terms, applies to a broad spectrum of commercial activity. The operative provision of the act, § 42-110b(a), states merely that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Trade or commerce, in turn, is broadly defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a(4). The entire act is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit.
(Citations omitted; internal quotation marks omitted.) LarsenChelsey Realty Co. v. Larsen, 232 Conn. 480, 492, 656 A.2d 1009
(1995). Although the legislative history of CUTPA reveals that the act was intended to provide protection to a class of individuals much broader than consumers, this court does not believe that the legislature intended CUTPA to provide a remedy under the circumstances of the present case. See id., 497-98 (citing legislative history). Accordingly, the Utility defendants' motion; to strike counts eleven and twelve is granted.
In conclusion, the Utility defendants' motion to strike counts one through eight, and eleven and twelve of the plaintiff's amended complaint is granted.
BY THE COURT:
STANLEY, J.