STEAGALL, Justice.
Paul Bingham and B & M Builders Supply, Inc. (hereinafter collectively referred to as “Bingham”), sued Waide Contractors, Donald Waide, and Elmer Waide, alleging money due on an open account. In their answer, the defendants denied the allegations in the complaint and set forth the affirmative defense of the Statute of Frauds. After a bench trial, where the evidence was presented ore tenus, the trial court entered judgment in favor of Bing-ham and against Waide Contractors, Donald Waide, and Elmer Waide. The defendants filed a motion for new trial, which was denied. This appeal followed.
Prior to May 16, 1986, Bingham had allowed Waide Contractors and Donald Waide to purchase materials on a credit basis. On May 16, 1986, because Waide Contractors and Donald Waide were in arrears on their account, Bingham canceled their credit and placed their account on a cash basis. On the same day, Elmer Waide, Donald Waide’s father, approached Bingham and orally agreed to “stand good” for materials purchased on a credit basis by Waide Contractors and Donald Waide. As of March 30, 1987, the balance due on the account was $10,767.62. The trial court ordered the defendants to pay $10,767.62; $7,302.80 in interest; and $5,383.80 in attorney fees.
Defendant Elmer Waide argues that Bingham’s claim against him was barred by the Statute of Frauds. All defendants argue that the trial court erred in awarding $7,302.80 in interest and $5,383.80 in attorney fees to Bingham.
Under the ore tenus rule, a judgment will be affirmed on appeal if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment and it is not palpably wrong or manifestly unjust. Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala.1989); Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71 (Ala.1985).
Ala.Code 1975, § 8-9-2, provides:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(3) Every special promise to answer for the debt, default or miscarriage of another....”
In Christian Television Corp. v. RCH Broadcasting, Inc., 554 So.2d 989 (Ala.1989), this Court stated:
“In order to determine if an agreement is within § 8-9-2(3), it must first be determined if [the] agreement is ‘collateral’' or ‘original’ in nature. Fendley v. Dozier Hardware Co., 449 So.2d 1236 (Ala.1984); Herrington v. Central Soya Co., 420 So.2d 1 (Ala.1982). ‘“Collateral” agreements are those in which the object of the promise is to become the guarantor of another’s debt; these are within the statute and must be in writing to be enforceable.’ Fendley, supra, at 1238 (quoting Herrington, supra, at 3). ‘ “Original” agreements are those in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the promisor.’ Fendley, supra, at 1238 (quoting Herrington, supra, at 3). Another test for determining which promises are within the Statute of Frauds is *265 set out in Fendley, supra, at 1238 (quoting Boykin & McRae v. Dohlonde & Co., 37 Ala. 577, 582 (1861)):
“ ‘When, therefore, an action is brought against one charging him with the value of goods delivered to another, and on his promise to pay; and it is set up in defense, that the promise was to pay the debt of another, and was not in writing, the decisive question is, to whom was the credit given. If the credit was given solely to the defendant—that is, if the goods were really sold to him, though delivered to another—the statute is then out of the case. But, if the whole credit was not given to the defendant—that is to say, if any credit at all was given to the party receiving the goods—the promise of the defendant is collateral, and uñthin the statute....”’
554 So.2d at 993.
Paul Bingham testified that he canceled Donald Waide’s credit and that he was depending on Elmer Waide to pay for materials purchased by Waide Contractors and Donald Waide after May 16, 1986. Paul Bingham stated that he reopened the account of Waide Contractors and Donald Waide because Elmer Waide agreed to be included on their account. He stated that Elmer Waide’s name was added to the account and that a new account in Elmer Waide’s name was never opened. Paul Bingham further testified that Elmer Waide agreed to pay for materials purchased by Waide Contractors and Donald Waide in the future and that Elmer Waide was told that his name would be on the account. Bills for materials purchased by Waide Contractors and Donald Waide after May 16, 1986, were sent to the address of Waide Contractors.
Elmer Waide testified that he agreed to guarantee one $2,852.79 load of lumber and that he did not guarantee, nor intend to be responsible for, any other purchases. Elmer Waide stated that he did not authorize Bingham to add his name to the account of Waide Contractors and Donald Waide. Elmer Waide further testified that he never saw any bills with his name on them, but that he was told that his name was on the bills.
Applying the Boykin test to these facts (see the quote from Christian Television Corp., above), we conclude that, considering every reasonable aspect of the testimony, Elmer Waide was not given whole credit and that some credit was given to Waide Contractors and Donald Waide. Therefore, Elmer Waide’s promise to Bingham was “collateral” and within the Statute of Frauds. Because the agreement by Elmer Waide was not in writing, it is not enforceable. We hold that Bingham’s claim against Elmer Waide was barred by the Statute of Frauds.
Paul Bingham testified that his open accounts provide for IV2 per cent interest per month on accounts 30 days past due. He also testified that the interest on the unpaid balance was $7,302.80. This amount was not contested in the trial court. We conclude that the trial court’s award of $7,302.80 is not palpably wrong or manifestly unjust.
Paul Bingham also testified that his open accounts provided for an attorney fee of 15% of the unpaid balance in the event he had to hire a lawyer for collection. On appeal, Bingham concedes that the trial court’s award of $5,382.80 is erroneous, and submits that the correct amount of the attorney fee award should be $2,710.56. It is unclear from the record whether this amount is correct. We, therefore, direct the trial court to determine the amount of a reasonable attorney fee and award that amount to Bingham.
We reverse that portion of the judgment relating to Elmer Waide; we affirm that portion of the judgment relating to the interest award against Donald Waide; and we remand the case for a determination of an attorney fee to be assessed against Donald Waide.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ALMON, ADAMS, KENNEDY and INGRAM, JJ., concur.