STEAGALL, Justice.
Tony Ray Walls sued Ohmer Judson For-syth, alleging negligence and seeking to recover for damage he sustained when his automobile collided with Forsyth’s truck. Forsyth counterclaimed, also alleging negligence. The parties stipulated as to the amount of loss each suffered from the collision; thus, the only issue to be tried was liability. After a nonjury trial, the judge ruled that neither party could recover from the other, because each had been negligent in causing the accident. Walls's motion for a new trial was denied, and he appeals.
Where the evidence in a trial is presented ore tenus, the trial court’s judgment based on that evidence is presumed correct and will not be disturbed unless, after considering the evidence and all reasonable inferences to be drawn therefrom, we find that it is plainly and palpably wrong. Waide v. Bingham, 583 So.2d 263 (Ala. 1991). Here, Walls argues that there was no evidence to support the court’s finding that he was negligent and that its judgment must therefore be reversed.
The record reveals the following: In April 1991, Forsyth entered onto U.S. Highway 431 (a 4-lane highway) from a parking lot, then moved across the northbound lanes of the highway and into the median strip. Walls was traveling south on the same highway, in the outside southbound lane; he saw Forsyth enter the median strip. In the next few seconds, Forsyth pulled out of the median strip into the inside southbound lane of the highway, and Walls attempted to change into the same lane. Walls “slammed” on his brakes and skidded 87 feet before crashing into a door of Forsyth’s truck. Both vehicles came to rest within the median strip.
Under Ala.Code 1975, § 32-5A-88(l), a driver is not to move a vehicle from its lane until the driver has first ascertained that the movement can be made safely. Moreover, a driver is to stay on the right side of the road at any intersection or crossing, unless the right side is obstructed. § 32-5-54.
It is undisputed that Walls saw For-syth crossing the highway into the median strip separating the southbound and northbound lanes. Although it was foreseeable that Forsyth would then move out of the median into the inside lane, Walls switched from the right lane into the left lane and thereby placed himself in danger. The trial court, as factfinder, could have properly found that Walls acted negligently. The trial court’s judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ„ concur.