ALMON, Justice.
Shirley Winters appeals from a final judgment of the Circuit Court of Tuscaloosa County ordering the forfeiture of her residence at 2735 Oak Street to the City of Tuscaloosa under Ala.Code 1975, § 20-2-93. The forfeiture was ordered after Ms. Winters’s son was arrested in the residence on January 15, 1993, while in possession of a controlled substance. The dispositive issue is whether the circuit court erroneously based its judgment on a finding of fact not supported by the evidence.
The facts are substantially as follows. Ms. Winters’s son, Joe, was in trouble with the law from a relatively young age. He was arrested first as a minor on April 13, 1991, for possession of cocaine. At that time, Ms. Winters signed an appearance bond guaranteeing that Joe would appear in court. On July 23, 1991, Joe’s automobile was stopped by the police in the vicinity of the Oak Street residence. The police found over $4,000 on Joe’s person. Ms. Winters arrived at the scene shortly thereafter and told the officers that the money belonged to her. On December 10, 1991, Joe was arrested for selling cocaine. In January 1992, Sgt. Bill Hurter, of the Tuscaloosa Police Department, sent Ms. Winters a certified letter notifying her that the police department had information indicating that her residence was being used for the receipt, concealment, and sale of illegal drugs. The letter also stated that if the activity did not stop the City of Tuscaloosa would seek to have the property forfeited to the state. Sgt. Hurter testified that he also had several conversations with Ms. Winters about Joe’s illegal activities.
On February 5,1992, Sgt. Hurter executed a search warrant on the Oak Street premises. During this search the police recovered a small quantity of cocaine and nearly $10,-000 in cash. No arrests were made, however, because Joe was not on the premises. Ms. Winters claimed that roughly $1,900 of the money was hers. None of the money was ever established to be drug related.
At 2:00 a.m. on January 15,1993, the police again executed a search warrant on the Oak Street residence. The police arrested Joe after finding him attempting to flush over 5 grams of cocaine down the toilet. The police also found several rocks of crack cocaine on the floor of the living room, along with $5,600 in cash. Around September 1992, Joe had moved out of his mother’s home and into an apartment with a friend.
Both Joe and Ms. Winters testified that Joe did not have permission to be in the house on the night of January 14-15, 1993. Further, all of the testimony established that Ms. Winters did not know that Joe was in her house that night or that Joe had any controlled substances in her house. Ms. Winters was asleep when the police arrived to search the house and was awakened by the noise.
The majority of the evidence indicated that Joe did not live at the Oak Street residence. However, one of the officers testified that Ms. Winters indicated that Joe was staying at her house on January 15,1993. The testimony did show that Joe had a key to the house and sometimes came by to visit or to eat.
The evidence presented at the trial could have established that Ms. Winters knew her *260 son was still involved in distributing controlled substances. However, we question whether there was sufficient evidence to establish that Ms. Winters knew that Joe was inside her house with controlled substances on the early morning of January 15, 1993, or had reason to know that he might be. We need not decide that question, however, because the trial judge’s order was erroneously based, at least in part, upon facts that were not in evidence.
During cross-examination, Ms. Winters testified as follows about the February 1992 search:
“Q. Okay. Now, you stated that you were concerned that Joe may not have any place to go. But you recall the time that agents found close to $10,000 of U.S. currency there at your house, right?
“A. Yes, sir.
“Q. And that wasn’t your money, was it? “A. No, that wasn’t my money.
“Q. But you did have a little money there? About $1,900?
“A. Yes, sir.
“Q. And you claimed that money?
“A. Yes, sir.”
Ms. Winters then testified regarding the search of January 15, 1993:
“Q. Now, on the night of January 15th of ’93, $5,600 currency was found in your residence, too, right? Did you know that?
“A. Uh-huh (yes).
“Q. Okay. And that money wasn’t your money, was it?
“A. No, sir, it wasn’t.”
In its final judgment, the circuit judge found:
“Finally, of the $5,600 cash, the defendant Shirley Winters testified that $1,900 of the cash found in her home on January 15, 1993, was hers.”
The circuit judge also found that Ms. Winters was financially benefiting from Joe’s drug dealings.
“Where the evidence in a trial is presented ore tenus, the trial court’s judgment based on that evidence is presumed correct and will not be disturbed unless, after considering the evidence and all reasonable inferences to be drawn therefrom, we find that it is plainly and palpably wrong.” Walls v. Forsyth, 611 So.2d 273 (Ala.1993). The finding that Ms. Winters claimed some of the $5,600 found during the January 1993 search is plainly and palpably wrong, and the finding that Ms. Winters financially benefited from Joe’s drug dealing activities is not supported by the evidence. The testimony clearly shows that Ms. Winters claimed none of the money seized during Joe’s arrest in January 1993. While the evidence may support an inference that Ms. Winters had previously benefited from Joe’s activities, there is insufficient evidence to support an inference that Ms. Winters was benefiting from Joe’s activities at the time of the January 1993 search that was the basis of this forfeiture proceeding. It is understandable from the transcript how the trial judge could have been confused by the testimony during the cross-examination of Ms. Winters. The question by the prosecutor did not clearly show that the $1,900 was claimed during the search of February 1992. However, a careful reading of the transcript shows that Ms. Winters did not claim any of the money found during the January 1993 search, contrary to the circuit judge’s finding in support of the judgment. This erroneous finding was a significant part of the court’s rationale, so the judgment must be reversed.
Because we reverse on the basis of the erroneous finding, we need not consider whether there was reasonably satisfactory evidence that Ms. Winters knew that Joe was distributing controlled substances from her home on January 15, 1993, or whether the forfeiture of the Oak Street residence constituted an excessive fine under the Eighth Amendment of the United States Constitution.
The judgment is reversed, and the cause is remanded.
REVERSED AND REMANDED.
SHORES, HOUSTON, KENNEDY and COOK, JJ., concur.